IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-06-0130 |
| | § | |
| RICHARD A. ARMAUGH | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established by a preponderance of the evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

            [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

            [ ]    an offense for which the maximum sentence is life imprisonment or death.

            [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

            [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

    [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

    [ ] (1)   There is probable cause to believe that the defendant has committed an offense

        [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
        ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   under 18 U.S.C. § 924(c).

    [ ] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [X] (1)   Defendant is accused of conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

    [X] (2)   There is a serious risk that the defendant will flee.

    [ ] (3)   Defendant represents a danger to the community.

    [ ] (4)   There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1)   As a condition of release of the defendant, bond was set as follows:

    [ ] (2)

    [X] (3)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

    [ ] (4)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the indictment and the information provided in the pretrial services report and at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 56-year old U.S. citizen born in San Antonio and given the name Fred Otis Hoese, Jr. His father is deceased. His mother resides in San Antonio. At 10, he was adopted by his stepfather and named Ricky Spicer. In 1978, he changed his name to Richard A. Armaugh. He lived in Houston, where he practiced law, from 1990 until 2004, when he moved to Ecuador. He then moved to Buenos Aires, Argentina, then to Panama, and in May 2015 he moved to Spain where he intended to become a legal resident and seek employment. He has traveled to several countries in the last 10 years for leisure. He has weekly contact with his mother and monthly contact with two half brothers who also live in San Antonio, but has not been in contact with his sister in North Carolina for over 18 months. He has never been married and has no children.

2. Defendant has no criminal record.

3. Defendant has been charged with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. He faces of penalty of up to 5 years in prison.

4. Defendant has been unemployed for years and lacks any financial ties to the community. He has $35,000 in a bank account in Panama. He does not have a suitable option for living arrangements in Houston. He has been aware of the 2006 warrant for his arrest on the instant offense since 2008 and stated at that time that he had no intention of returning to the United States.

5. Defendant did not voluntarily return to the U.S. to face these charges. Instead, he was detained while traveling on a U.S. passport from Madrid to Panama.

6. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court. Detention is ordered.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on July 22, 2015.

Stephen Wm Smith
United States Magistrate Judge